# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**GREENE COUNTY TECH SCHOOL DISTRICT**  PLAINTIFF

v.  Case No. 3:17-cv-00047-KGB

**MW, an adult, and CARLA WILSON,**
**mother of MW**  DEFENDANTS

## ORDER

Plaintiff Greene County Tech School District (the "District") filed this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1415(i)(3)(A), (j), for injunctive relief to secure the maintenance of the current educational placement of MW, a 19-year-old student at Greene County Tech High School (Dkt. No. 1). Before the Court is the District's motion to dismiss the appeal (Dkt. No. 26). Defendants MW, an adult, and Carla Wilson, mother of MW (collectively "the Wilsons"), responded in opposition to the motion, and the District filed a reply (Dkt. Nos. 28, 30). The District moves to dismiss this action for mootness and lack of subject matter jurisdiction (Dkt. No. 26, ¶ 1). For the reasons discussed below, the Court grants the District's motion to the extent it seeks to dismiss any claim for attorney's fees under the IDEA, and the Court denies the District's motion to the extent the District seeks to dismiss the counterclaim and third-party complaint in this action.

**I.  Background**

The following facts come from the District's complaint, unless otherwise noted (Dkt. No. 1). MW is a 19-year-old student at Greene County Tech High School and was on course to graduate in May 2017 (*Id.*, ¶¶ 1, 5). MW has cerebral palsy (*Id.*, ¶ 5). She has limited verbal ability, limited control of her muscular functions, and is unable to feed herself (*Id.*). MW has an

individualized educational plan ("IEP") and an initialized healthcare plan ("IHP") (*Id.*). She takes general education classes with time in special education (*Id.*).

The District alleges that it was informed that MW had been the subject of a swallow study done at Arkansas Children's Hospital in Little Rock, Arkansas (*Id.*, ¶ 6). The study recommended that MW's primary care physician ("PCP") issue orders about what food and liquids MW should be given and how they should be taken (*Id.*, ¶ 6). The District alleges that it requested the PCP's orders from Ms. Wilson, but she refused to provide the orders to the District (*Id.*, ¶ 7). The District further alleges that it requested that Ms. Wilson sign a release so that the District could get the orders, to deliver the orders to the District, or to authorize the District's nurse to talk with the PCP and receive the orders, but the District claims that Ms. Wilson refused (*Id.*). The District asserts that it believed it was unsafe for district personnel to feed MW without receiving information from MW's PCP (*Id.*, ¶ 8).

On January 9, 2017, Ms. Wilson, on behalf of MW, filed a special education due process complaint against the District, which was assigned Arkansas Department of Education ("ADE"), Special Education Division Case No. H-17-20 (*Id.*, ¶ 2). On February 3, 2017, the hearing officer issued a stay-put order requiring that the District allow MW to return to school during the pendency of the special education due process case (*Id.*, ¶ 9). On March 13, 2017, the District brought this action against the Wilsons seeking an injunction mandating Ms. Wilson release medical information to the District to permit MW's further attendance at school in compliance with the stay-put order (*Id.*, at 4-5). The District specifically sought medical information from MW's PCP regarding what foods and liquids MW should be given and how those foods and liquids should be taken (*Id.*, ¶ 6). On March 30, 2017, the District filed a motion for injunctive relief seeking a preliminary and final injunction against the Wilsons (Dkt. No. 8). Specifically, the District

requested an injunction requiring Ms. Wilson to cease and desist from blocking access of the District to MW's medical information from her PCP, mandating that Ms. Wilson take necessary steps to release the medical information to the District, and permitting MW to attend school as required by the stay-put order (*Id.*, at 4).

On April 2, 2017, the Wilsons filed a counterclaim against the District and a third-party complaint against the District; Gene Weeks, Superintendent and Chief Executive Officer of the District; Chad Jordan, Principal of Greene County Tech High School; and Tammy Birmingham, Director of Special Education in the District (Dkt. No. 13). The Wilsons' counterclaim and third-party complaint allege violations of procedural and substantive due process and equal protection protected by the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, and for violation of stay-put under 20 U.S.C. § 1415(j); Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*; and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131-12165, for unlawful discrimination based on disability (Dkt. No. 13, at 16-29). These are all federal claims, giving rise to federal jurisdiction in their own right. On April 4, 2017, the Wilsons filed a motion for preliminary injunction (Dkt. No. 17). The Wilsons requested an injunction ordering the District to allow MW to return to school, to implement the services and supports on MW's IEP, and to allow access to a private healthcare aide for MW (*Id.*, at 9).

On April 6, 2017, the Court held an evidentiary hearing where the parties agreed to the following: (1) the District withdrew its motion to dismiss without objection; (2) the District agreed to follow the stay-put order entered by the ADE hearing officer in Case No. H-17-20 (Dkt. No. 17-2); (3) the parties agreed to reserve the issue of attorneys' fees associated with their cross-motions for injunctive relief; and (4) the parties agreed that the Court would retain jurisdiction of the action (Dkt. No. 25, at 1). Based on the parties' agreement, the Court denied as moot the then pending

3

cross-motions for injunctive relief on April 6, 2017 (Dkt. No. 24). In this Court's Order from May 4, 2017, the Court acknowledged "that the parties have reserved the issue of attorneys' fees associated with their cross-motions for injunctive relief." (Dkt. No. 25, at 1). In that Order, the Court retained jurisdiction "over any disputes that should arise regarding the terms or conditions of the stay-put order issued by the ADE hearing officer." (*Id.*, at 2).

On November 3, 2017, the hearing officer entered a Final Decision and Order in the ADE, Special Education Unit Case No. H-17-27 (Dkt. No. 26, Ex. 1). The hearing officer ordered the following:

1. Upon receipt of this order, but no later than November 30, 2017, the Parent will provide the District with the necessary documentation in order for Easter Seals to conduct an adaptive communication evaluation and any assistive technology evaluations they deem appropriate to assist the Student in the classroom as well as in implementation of the associated related services.
2. Upon receipt of this order the Parent will sign consent for District personnel responsible for the health and safety of the Student to receive directions on types of foods and how best to assist with feeding as well [as] administer prescribed medications for the Student.
3. Upon receipt of this order, but no later than November 30, 2017, the District will submit the CIRCUIT request for Easter Seals to conduct the augmentative communication and assistive technology evaluations as noted in number (1) above.
4. Upon receipt of this order, but no later than January 5, 2018, the District will conduct a facilitated IEP conference to develop an IEP for the Student to complete classes necessary for her to receive a high school diploma. The Parent will not dictate which District personnel will be present to assist in the development of the IEP.
5. Should the Parent fail to comply with item one (1) above the District will still be obligated to conduct the facilitated IEP conference as ordered in item three (3), and develop an IEP based on the best information available as of January 5, 2018.

(*Id.*, at 55-56). Under the IDEA, a party aggrieved by the findings and decision of the hearing officer has 90 days from the date of the decision to bring a civil action in either federal district court or a state court of competent jurisdiction. 20 U.S.C. § 1415(i)(2). Neither the District nor the Wilsons filed such an appeal.

## II. Discussion

The District argues for dismissal based on lack of subject matter jurisdiction and mootness. The District argues that the Court lacks subject matter jurisdiction over this case because the hearing officer's final order resolved any stay-put issues, is final, and is the law of the case for this Court (Dkt. No. 27, at 1). The District further argues that this Court no longer has jurisdiction to hear any claim for attorneys' fees (*Id.*, at 4). In its reply, the District also argues that the Wilsons' counterclaim and third-party complaint do not provide any basis for jurisdiction because the Wilsons failed to exhaust their administrative remedies under the IDEA and because the hearing officer's decision precludes their claims (Dkt. No. 31, at 3-4). The District argues that any claim for attorneys' fees by the Wilsons is moot because there is no longer a case or controversy (Dkt. No. 27, at 6).

In response, the Wilsons argue that the Court specifically retained jurisdiction over this case and reserved the issue of attorneys' fees (Dkt. No. 28, ¶ 1). The Wilsons also argue that the litigation in this case is not complete because their counterclaim and third-party complaint remain pending (*Id.*, ¶ 4). The Wilsons further argue that a claim for attorneys' fees is not yet moot because there is no specific statute of limitations in the IDEA for requests for attorneys' fees, and other courts have found that parties have up to a three-year statue of limitations for requests for attorneys' fees (*Id.*, ¶ 3).

### A. Subject Matter Jurisdiction

The IDEA, 20 U.S.C. § 1415(i)(3)(B), authorizes an award of costs, including reasonable attorneys' fees, to parents or guardians who prevail in any action or proceeding described in 20 U.S.C. § 1415. For purposes of awarding attorneys' fees, "proceeding" includes administrative proceedings such as the due process hearing involved in this case. *Johnson v. Bismark Public*

5

*School District,* 949 F.2d 1000 (8th Cir. 1991). Further, under the IDEA, "[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A).

### 1. Stay-Put Order

The District first argues that the Court lacks subject matter jurisdiction over this case because the hearing officer's final order resolved any issues regarding the stay-put order, which was the only basis for jurisdiction (Dkt. No. 27, at 3-4). Because neither party brought an action challenging the hearing officer's decision before the 90-day time limit, and a motion for attorneys' fees has not been filed, the District argues that the Court lacks subject matter jurisdiction (*Id.*). The District also argues that the Wilsons' counterclaim and third-party complaint cannot create a basis for subject matter jurisdiction (Dkt. No. 31, at 3-4). In response, the Wilsons argue that the Court reserved the issue of attorneys' fees and retained jurisdiction over this action (Dkt. No. 28, ¶ 1). The Wilsons further argue that the Court did not dismiss their counterclaim and third-party complaint in the earlier Order (*Id.*, ¶ 5).

In this Court's Order from May 4, 2017, the Court specifically stated that the parties agreed "that the parties reserve the issue of attorneys' fees associated with their cross-motions for injunctive relief [and] that the Court retains jurisdiction of the action," among other things (Dkt. No. 25, at 1). The Court further stated that it "will retain jurisdiction over any dispute that should arise regarding the terms or conditions of the stay-put order issued by the ADE hearing officer." (*Id.*, at 2). In that Order, the Court also stated, "The Individuals with Disabilities Education Act grants this Court subject-matter jurisdiction over the enforcement of stay-put orders issued during its administrative proceedings." (*Id.*, at 1).

6

In making this statement, the Court cited to 20 U.S.C. §§ 1415(i)(3)(A) and 1415(j). As stated above, the IDEA grants district courts jurisdiction over the subsection regarding "award of attorneys' fees" without regard to the amount in controversy. 20 U.S.C. § 1415(i)(3)(A). Through the stay-put provision, the IDEA also insures that the student shall remain in the then-current educational placement of the student during the pendency of any proceedings regarding the IDEA, unless the school district and the parents otherwise agree. 20 U.S.C. § 1415(j).

This Court cannot say that, by referring to these sections of the IDEA, the Court or the parties intended to limit this Court's subject matter jurisdiction to only issues related to the stay-put order and its enforcement. Further, the Court did not in that order nor has the Court yet dismissed or ruled on the Wilsons' pending counterclaim or third-party complaint. The counterclaim and third-party complaint seek relief under federal laws and give rise to federal subject matter jurisdiction.

The Court will now address the District's arguments regarding the hearing officer's decision as "the law of the case." (Dkt. No. 27, at 4). The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). "This doctrine 'requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" *Murphy v. FedEx Nat. L TL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010) (quoting *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). Courts apply the law of the case doctrine differently depending on the context of each case. *Bethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 299 F. Supp. 2d 903, 911 (N.D. Iowa 2004) (citing *Jamesbury Corp. v. Litton Indus. Prods., Inc.*, 839 F.2d 1544, 1550 (Fed. Cir. 1988), *cert. denied,* 488 U.S. 828, *overruled on other*

*grounds, A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)). The United States Court of Appeals for the District of Columbia Circuit has held that, when a hearing officer's final decision is not "challenged administratively or otherwise appealed," "the law of the case doctrine precludes [the court] from revisiting the hearing officer's conclusion . . . ." *District of Columbia v. Ljeabuonwu*, 642 F.3d 1191, 1195 (D.C. Cir. 2011).

Neither side brought a timely action in this Court challenging the hearing officer's conclusions from ADE, Special Education Unit Case No. H-17-27. Therefore, the Court is precluded under the law of the case doctrine from revisiting the hearing officer's conclusions. However, the Court determines that there remain open questions as to whether the law of the case doctrine precludes the Court from deciding any other issues left in this case, including but not limited to the counterclaim, third-party complaint, and request for attorneys' fees under the IDEA.

### 2. Counterclaim And Third-Party Complaint

The District further argues that the Court lacks subject matter jurisdiction over the Wilsons' counterclaim and third-party complaint because the administrative remedies available to the Wilsons were not exhausted, and the hearing officer's decision precludes these claims (Dkt. No. 31, at 3). In response, the Wilsons argue that, even though the cross-motions for injunctive relief were denied as moot, the Court did not dismiss their counterclaim and third-party complaint (Dkt. No. 28, ¶ 5). Aside from that, the Wilsons make no further arguments regarding the merits of their pending counterclaim and third-party complaint.

The Wilsons' counterclaim and third-party complaint allege violations of § 1983, for violation of stay-put under 20 U.S.C. § 1415(j), as well as violations of the Rehabilitation Act and the ADA, for unlawful discrimination based on disability (Dkt. No. 13). Because both parties discuss whether this Court should dismiss the Wilsons' counterclaim and third-party complaint in

terms of subject matter jurisdiction, the Court will address the issue of administrative exhaustion under the IDEA.

A party may bring a lawsuit in federal court to secure her right under the IDEA to receive a free appropriate public education ("FAPE") but only after exhausting her administrative remedies at the state level. *See* 20 U.S.C. § 1415(i)(2)(A), (l). Although the IDEA does not preempt parties from also seeking relief under the United States Constitution, the Rehabilitation Act, or the ADA it does require "that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA]," the IDEA's administrative remedies "shall be exhausted to the same extent as would be required had the action been brought under [the IDEA.]" *See* 20 U.S.C. § 1415(l). Whether the relief being sought under these other laws is also available under the IDEA turns on whether the relief being sought is "for the denial of a FAPE." *Fry v. Napoleon Comm. Schs.*, 137 S. Ct. 743, 752 (2017).

In *Fry*, the Supreme Court held that "'relief that is also available' under the IDEA" means "relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.'" 137 S. Ct. at 752. Thus, "exhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education.'" *Id.*, at 748 (quoting 20 U.S.C. § 1412(a)(1)(A)). The Supreme Court identified two questions to guide the inquiry into whether a complaint concerns the denial of a FAPE: (1) could the claimant have brought the same claim if the alleged conduct had occurred at a public facility that was not a school (*e.g.*, a theater); and (2) could an adult at the school have brought the same grievance? *Fry*, 137 S.Ct. at 756. If the answer to both of these questions is "no," then the complaint likely seeks relief for a FAPE. *Id.* If the answer is "yes," then the complaint likely seeks relief independent from the alleged denial of a FAPE. *Id.* Further, the

9

Supreme Court explained that whether the gravamen of a suit is the alleged denial of a FAPE can emerge from the history of the proceedings. *Id.*, at 757.

The Eighth Circuit Court of Appeals addressed and applied *Fry* in *J.M. v. Francis Howell School District*, 850 F.3d 944 (8th Cir. 2017). In *J.M.*, a mother sued the school district claiming unlawful use of isolation and physical restraints on her child in violation of § 1983, Section 504 of the Rehabilitation Act, and the ADA, and the district court below and the Eighth Circuit on appeal treated the issue of exhaustion of administrative remedies regarding non-IDEA claims as jurisdictional. *See J.M.*, 850 F.3d at 946 (dismissing mother's § 1983, Section 504 of the Rehabilitation Act, and ADA claims based on lack of subject matter jurisdiction due to failure to exhaust administrative remedies under the IDEA).

The Supreme Court in *Fry* did not address an important issue relevant to the decision in *J.M.* because the Supreme Court concluded the issue was not necessary to resolve the dispute in *Fry* at the time. The issue was: "Is exhaustion required when the plaintiff complains of the denial of a FAPE, but the specific remedy she requests—here, money damages for emotional distress—is not one that an IDEA hearing officer may award?" *Fry*, 137 S.Ct. at 752, n.4. The Eighth Circuit addressed the issue in *J.M.* and determined that "this court has noted that 'the IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought.'" *J.M.*, 850 F.3d at 950 (quoting *J.B. ex rel. Bailey v. Avilla R-XIII School Dist.*, 721 F.3d 588, 592 (8th Cir. 2013), and citing decisions of other circuit courts of appeals so holding). Thus, the Eighth Circuit determined in *J.M.* that the mother's "voluntary decision to remove J.M. from school, and seek only compensatory and punitive damages rather than compensatory education services, d[id] not exempt her from the exhaustion requirement." *Id. See also K.G. by & through Gosch v. Sergeant Bluff-Luton Cmty.*

*Sch. Dist.*, 244 F. Supp. 3d 904, 920 (N.D. Iowa 2017) (addressing exhaustion of non-IDEA claims and determining that exhaustion was not required).

After a review of the Wilsons' counterclaim and third-party complaint, this Court determines that all of their claims under §1983, the Rehabilitation Act, and the ADA are predicated on the allegation that the District did not provide MW access to school, which is a violation of FAPE (Dkt. No. 13, 16-28). To answer the first question of the *Fry* inquiry, the Wilsons could not have brought their claims against any other public facility because the claims are based on the District's alleged violation of FAPE. For the second question, an adult could not bring the claims the Wilsons assert in their counterclaim and third-party complaint because these claims relate to the District's alleged denial of FAPE to MW. Because the answer to both questions is "no," the gravamen of the Wilsons' claims is the IDEA's core guarantee of FAPE. Therefore, this Court concludes that the Wilsons were required to comply with exhaustion requirements in order for this Court to have subject matter jurisdiction over their counterclaim and third-party complaint.

The Court next turns to examine what those exhaustion requirements are in relation to the Wilsons. At least one other district court has held that "for exhaustion purposes, a party need not appeal [a hearing officer's] decision favorable to him, since under IDEA only a 'party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency.'" *Robert F. v. North Syracuse Central Sch. Dist.*, Case No. 5:18-CV-0594 (LEK/ATB), 2019 WL 1173457, at *6 (N.D.N.Y. March 13, 2019) (quoting 20 U.S.C. § 1415(g)(1)). In this case, neither party brought a claim challenging the hearing officer's decision within the 90-day limitation. However, this Court concludes that the IDEA does not require the Wilsons, if in fact they are a prevailing party, to challenge the hearing officer's decision in order to exhaust their administrative remedies for the purposes of non-IDEA claims. Here, the hearing

11

officer ruled in favor of the District in part and in favor of the Wilsons in part (Dkt. No. 26-1, at 55). Neither the District nor the Wilsons address the specific allegations raised before the hearing officer in the context of the claims on which the hearing officer found in favor of the Wilsons. Further, neither the District nor the Wilsons address the specific allegations raised before the hearing officer in the context of the claims the Wilsons seek to pursue in their counterclaim and third-party complaint.

In addition, neither the District nor the Wilsons address the issue of when exhaustion of administrative remedies must be satisfied under the procedural facts and circumstances of this case. Neither the District nor the Wilsons address whether the Wilsons had to exhaust their administrative remedies under the IDEA before filing in federal court. Further, neither the District nor the Wilsons address whether the Wilsons' counterclaim and third-party complaint are compulsory here, and, if so, whether that impacts the administrative exhaustion requirement, given that the District filed first in federal court. The parties fail to address these issues in their current briefing.

For these reasons, on the limited record before it and with the limited briefing submitted by the parties on this issue, the Court declines at this time to dismiss the Wilsons' counterclaim and third-party complaint due to a lack of exhaustion of remedies under the IDEA.

The Court will now turn to the question of preclusion. The District further argues that, even if the Wilsons exhausted their administrative remedies, this Court does not have subject matter jurisdiction over their counterclaim and third-party complaint because their claims are precluded by the hearing officer's decision (Dkt. No. 31, at 3-4). This argument was raised by the District for the first time in its reply brief.

As the Court stated above, the IDEA does not preempt parties from also seeking relief under the United States Constitution, the Rehabilitation Act, or the ADA, but it does require exhaustion of administrative remedies. *See* 20 U.S.C. § 1415(l). "When that process produces an administrative decision that is upheld on judicial review under IDEA, principles of issue and claim preclusion may properly be applied to short-circuit redundant claims under other laws." *Independent Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556, 562 (8th Cir. 1996). Even though the Wilsons' non-IDEA claims are analyzed under different standards, "[m]inor variations in the application of what is in essence the same legal standard do not defeat preclusion." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 n.9 (2011). "Thus, preclusion applies if resolution of the IDEA claims necessarily resolved the non-IDEA claims." *I.Z.M. v. Rosemount-Apple Valley-Eagen Public Schs.*, 863 F.3d 966, 972 (8th Cir. 2017) (quotations omitted).

Here, the Wilsons bring claims under § 1983, the Rehabilitation Act, and the ADA (Dkt. No. 13). Section 504 of the Rehabilitation Act and the ADA provide relief from intentional discrimination, whereas the IDEA provides relief from inappropriate educational placement decisions, regardless of discrimination. The Wilsons seek relief that is not available under the IDEA in the form of compensatory damages (*Id.*, at 28). In *Monahan v. State of Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982), *cert. denied*, 460 U.S. 1012 (1983), the Eighth Circuit held that to make out a violation of § 504 in the educational context, the plaintiff must show more than a mere failure to provide a free appropriate public education as required by the IDEA. The requirement that something more than mere violation of the IDEA must be shown to demonstrate a violation of § 504 applies likewise to the ADA in the context of education. The Eighth Circuit has held that enforcement remedies, procedures, and rights under Title II of the ADA are the same as under § 504. *Pottgen v. Missouri State High School Activities Association*, 40 F.3d 926, 930

(8th Cir. 1994). Accordingly, bad faith or gross misjudgment must also be established in order to make out a violation of the ADA in this context. *See Hoekstra v. Indep. Sch. Dist. No. 283*, 916 F. Supp. 941, 949 (D. Minn. 1996).

Here, the Court has the hearing officer's decision in the record before it, but the parties have not specifically addressed whether and to what extent these issues central to Rehabilitation Act and ADA claims were raised and addressed below. The Court acknowledges that "preclusion [may apply] if 'resolution of the IDEA claims necessarily resolved' the non-IDEA claims." *I.Z.M.*, 863 F.3d at 972 (citing *S.D.*, 88 F.3d at 562 and examining this issue at the motion for summary judgment stage). Further, neither the District nor the Wilsons challenged the hearing officer's decision. As a result, this Court does not have before it "an administrative decision that is upheld on judicial review under IDEA." *See S.D.*, 88 F.3d at 562. Neither the District nor the Wilsons address whether this issue is significant with respect to the application of preclusion.

At this point, on the record before it and without receiving further briefing from the parties, the Court denies the District's motion to dismiss the Wilsons' counterclaim and third-party complaint based on an assertion that the Wilsons failed to exhaust their administrative remedies under the IDEA. Further, the Court determines that, because the parties have not adequately briefed the law or the facts related to the specific application of preclusion with respect to the Wilsons' remaining § 1983, Rehabilitation Act, and ADA claims and proof necessary to establish those claims, the Court declines to dismiss this action on the basis of preclusion.

Therefore, at this time, on the limited record before it, and with the limited briefing submitted, the District's motion to dismiss the Wilsons' counterclaim and third-party complaint on these bases is denied.

### B. Mootness

The District further argues for dismissal of this case based on mootness. The District first argues that any claim for attorneys' fees would be moot because neither party filed an action challenging the hearing officer's decision within 90 days and because it is now too late for the Wilsons to request attorneys' fees (Dkt. No. 27, at 6). The Court understands this argument to relate to a request for fees under the IDEA only.

The District argues that any claim for attorneys' fees would be moot because there is no actual, ongoing case or controversy (Dkt. No. 31, at 6). The District further argues that, even if the issue of attorneys' fees was reserved, the Wilsons' have not filed for attorneys' fees within the proper time limit (*Id.*). The District also argues that this Court "dismissed all pending claims but retained jurisdiction only for a specific purpose." (*Id.*). For this reason, the District cites to Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas and argues that the Court's Order from May 4, 2017, "could be seen as an order of dismissal [that] gave right to the parties to file claims for attorneys' fees within 14 days after the entry of the order." (*Id.*).

In response, the Wilsons argue that a claim for attorneys' fees would not be moot. Specifically, the Wilsons argue that the Eighth Circuit Court of Appeals has not ruled on the limitation period that governs a claim for attorneys' fees under the IDEA (Dkt. No. 29, at 4). The Wilsons further argue that the Eighth Circuit would be most likely to follow the Ninth and Eleventh Circuit Courts of Appeals that have found that the three-year personal injury limitations period governs attorneys' fees requests in IDEA cases. *See Meridian Joint Sch. Dist.*, 792 F.3d 1054, 1064 n.9 (9th Cir. 2015) (affirming the district court's determination that a request for attorneys' fees was timely filed under the most analogous state statute of limitations, three years); *Zipperer*

*v. Sch. Bd. of Seminole County, Fla.*, 111 F.3d 847, 851 (11th Cir. 1997) (holding that the application of a four-year statute of limitations to claims for attorneys' fees under the IDEA is consistent with the policies of the federal statute).

The IDEA does not include a statute of limitations for a prevailing party to request attorneys' fees. 20 § 1415(i)(3). The Eighth Circuit has not decided the appropriate statue of limitations applicable to a request for attorneys' fees pursuant to the IDEA. *Brittany O. v. Bentonville Sch. Dist.*, 683 F.App'x 556, 558 (8th Cir. 2017). However, at least one court in this district has found that a 90-day limitations period for filing a claim for attorneys' fees was reasonable. *Brittany O. v. Bentonville Sch. Dist.*, Case No. 4:14-cv-00135 JLH, 2015 WL 284971, at *7 (E.D. Ark. Jan. 22, 2015); *see also Richardson v. Omaha Sch. Dist.*, Case No. 3:17-cv-03111, 2018 WL 1439603, at *4-5 (W.D. Ark. March 22, 2018) (holding the same and citing *Brittany O.*).

In *Brittany O.*, the district court stated that, when the IDEA was amended in 2004, "Congress amended the IDEA to provide that a party aggrieved by the findings and decision made in a due process hearing under the IDEA 'shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the statute has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.'" 2015 WL 284971, at *3 (citing 20 U.S.C. § 1415(i)(2)). The district court further stated that the Arkansas code provisions relating to the IDEA were amended the following year to add the 90-day requirement. *Id.*, at *3-4; Ark. Code Ann. § 6-41-216(g).

The district court reasoned that, because the practice of the federal courts is to adopt a statue of limitations from the forum state when Congress has not provided one, the 90-day period of limitations provided by the Arkansas statute was applicable as a statute of limitations for requests for attorneys' fees under the IDEA. 2015 WL 284971, at *7. The district court also

16

reasoned that, "[a]dopting that period of limitations will avoid piecemeal litigation and ensure that all claims related to the due process hearing would be brought in a single action." *Id.* For these reasons, the district court dismissed the parents' IDEA claim for attorneys' fees because it was not filed within 90 days of the hearing officer's decision. *Id.*

On appeal, the Eighth Circuit reversed the district court's dismissal of the parents' IDEA claim for attorneys' fees determining that, whatever the applicable limitation period, that limitation period does not begin to run until the expiration of the 90-day period to file a challenge to the hearing officer's decision in court, but the Eighth Circuit did not explicitly overrule the reasoning of the district court's decision to use a 90-day limitation period for the prevailing party to request attorneys' fees. *Brittany O.*, 683 F.App'x at 558. The reasoning of the district court in *Brittany O.* was adopted by the district court in *Richardson*, 2018 WL 1439603, at *4-5. The procedural posture in *Richardson* is more akin to this case. In *Richardson*, the parents requested attorneys' fees under the IDEA despite not bringing a claim challenging the hearing officer's final decision within 90 days. *Id.*, at *3-4. In that case, the district court dismissed the parents' request for attorneys' fees because the parents' requested attorneys' fees 144 days after the hearing officer issued a final decision that was not challenged in court. *Id.*, at *5.

This Court also adopts the reasoning of the district court in *Brittany O.* Even though the Wilsons argue that the Eighth Circuit would be more likely to adopt a three-year limitation period for attorneys' fees, the Wilsons have not presented any binding authority that supports their position. The Eighth Circuit has not expressly ruled on the issue of the statute of limitations for IDEA attorneys' fee requests in relation to Arkansas state law, but two district courts in Arkansas have, applying the same reasoning and determining that a 90-day statute of limitations applies.

17

For this reason, the Court adopts the 90-day limitation for IDEA attorneys' fee requests outlined in *Brittany O.* and utilized in *Richardson*.

In this case, neither party brought a claim challenging the hearing officer's final decision within 90 days of the final order, and neither party brought a request for attorneys' fees within 180 days of the hearing officer's final decision. The Wilsons argue that they included a prayer for attorneys' fees and costs in their answer and that the Court's previous Order reserved ruling on the issue of attorneys' fees (Dkt. No. 28, ¶ 4). The Court acknowledges that the Wilsons included a prayer for attorneys' fees and costs in their answer in this matter and that this Court previously reserved ruling on the issue of attorneys' fees, but neither of the Wilsons' arguments changes the 90-day statute of limitations for filing a claim for attorneys' fees under the IDEA. For this reason, any request for attorneys' fees under the IDEA based on the hearing officer's final decision is time barred. This ruling addresses a request for fees under the IDEA only, not any of the remaining statutes under which the Wilsons bring claims.

### III. Conclusion

For the above reasons, the Court grants the District's motion to dismiss with respect to a claim for attorneys' fees under the IDEA and denies the District's motion with respect to the Wilsons' counterclaim and third-party complaint (Dkt. No. 26). At this time, this Court retains subject matter jurisdiction over the Wilsons' counterclaim and third-party complaint (Dkt. No. 13).

It is so ordered this the 31st day of March, 2019.

_____
Kristine G. Baker
United States District Judge